# EXHIBIT "1"

George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff
*TIM TOTH*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH, | Civil Action No.:  2:13-cv-00193 |
| Plaintiff, | |
| v. | |
| AARGON AGENCY, INC.; and Does 1-10, inclusive, | **FIRST AMENDED COMPLAINT** |
| Defendant. | |

Plaintiff, TIM TOTH, by and through his undersigned counsel states as follows:

## INTRODUCTION

1.     Plaintiff, TIM TOTH ("Plaintiff"), brings this action for damages resulting from the illegal actions of AARGON AGENCY, Inc. ("AARGON" or "Defendant").  Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

3.    This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4.    Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1331.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6.    Plaintiff is, and at all times mentioned herein was, an adult individual residing in Clark County in the State of Nevada.

7.    AARGON is, and at all times mentioned herein was, a Nevada business entity headquartered in Las Vegas, NV and was doing business in Nevada.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.    The TCPA regulates, among other things, the use of automated telephone dialing systems.

10.   47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

      (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

      (B)    to dial such numbers.

11.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

12.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

13.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14.     Upon information and belief, Defendant employs or employed, at all relevant times, an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

15.     On November 24, 2012, Defendant contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

16.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.     Pursuant to the contract with his cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

18.     Defendant did not have prior express consent to place automated or prerecorded calls

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

to Plaintiff on his cellular telephone.

19.    Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

20.    Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

21.    In its attempt to collect the Debt, Defendant engaged in a campaign of abuse to collect upon the Plaintiff.

22.    Defendant was served on February 8, 2013 with Plaintiff's initial Complaint. **(See Exhibit A- Certificate of Service).**

23.    Despite the fact that Defendant had knowledge that Plaintiff was represented by counsel, on March 21, 2013, Defendant sent Plaintiff a letter demanding payment and also tacked on interest to the alleged debt owed by Plaintiff.  **(See Exhibit B)**.  However, the contract which is the basis for the alleged debt does not provide for payments of interest.

24.    Furthermore, from April 2011 to September 2011, Plaintiff was represented by counsel and instructed his debt collectors to stop making collection calls to his cellular phone and to contact his attorney.

25.    Defendant further communicated with Plaintiff on at least five (5) separate occasions. The dates were:

1) **11/24/12**;

2) **01/12/13**;

3) **01/14/13**;

4) **01/25/13**; and

5) **02/04/13**.

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

26.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

27.     Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff.

28.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

29.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

30.     Additionally, Plaintiff is entitled to injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. § 227, *et seq.*

31.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

32.     Defendant knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without their prior express consent.

33.     Each of the aforementioned calls by Defendant constitutes a knowing and/or

willful violation of the TCPA.

34.    As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35.    Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such future conduct by Defendant.

**COUNT III**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

36.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    The Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted Plaintiff after it knew Plaintiff was represented by an attorney.

38.    The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

39.    The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

40.    The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

41.    The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

42.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

43.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

44.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45.     The Plaintiff is entitled to damages as a result of Defendant's violations.

46.     The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT IV.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

47.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

48.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

49.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private

right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15   U.S.C. § 6801(a) (emphasis added).

50.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

51.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

52.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

53.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

54.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

**PRAYER FOR RELIEF**

WHISEFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

## COUNTS I AND II.

## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

## COUNT III.

## VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

. . .

. . .

. . .

. . .

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent NRS 604A violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 6, 2013

Respectfully submitted,

By  /s/ GEORGE HAINES, Esq.

George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: Ghaines@hainesandkrieger.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

# AFFIDAVIT OF SERVICE

**State of Nevada**          **County of Clark**          **United States District Court**

Case Number: 2:13-CV-00193-MMD-VCF

Plaintiff:
**TIM TOTH,**
vs.
Defendant:
**AARGON AGENCY, INC.; and Does 1-10, inclusive,**

For:
George H. Haines
Haines & Krieger, L.L.C.
1020 Garces
Suite 100
Las Vegas, NV 89101

Received by Legal Express on the 8th day of February, 2013 at 10:37 am to be served on **Aargon Agency, Inc., Registered Agent, 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, NV 89169.**

I, Melvin Filyaw, being duly sworn, depose and say that on the **12th day of February, 2013 at 9:05 am, I:**

**SERVED** an authorized entity by delivering a true copy of the **Summons in a Civil Action, Complaint** to **Kylee J. Johnson** as **Corporate Paralegal**, pursuant to NRS 14.020 as a person of suitable age and discretion at the address of the Registered Agent's office.

Said service was made at the address of: **Registered Agent, 3800 Howard Hughes Parkway, 16th Floor, Las Vegas, NV 89169** .

Affiant is, and was, a citizen of the United States, over 18 years of age, and not a party to, nor interested in, the proceeding in which this affidavit is made.

SIGNED and SWORN TO before me on the 13 day of February, 2013 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
TINA BRITT
Appt. No. 04-88204-1
My Appt. Expires July 18, 2016

_____
**Melvin Filyaw**
Process Server

**Legal Express**
**Nevada License 999/999a**
**911 South 1st Street**
**Las Vegas, NV  89101**
**(702) 877-0200**
Our Job Serial Number: 2013000273

Service Fee: $42.50

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# EXHIBIT "B"

AAI
8668 SPRING MOUNTAIN RD
LAS VEGAS, NV 89117-4113
RETURN SERVICE REQUESTED

# AARGON
## COLLECTION AGENCY
## THE ONLY REAL SOLUTION

**Phone Toll Free: (800) 990-4765 ext 333**
**8AM – 5PM Mon-Fri**
**8AM – Noon Sat PST**

March 21, 2013

3516-000085-DL 2    15708181
TIMOTHY TOTH
2001 Ramrod Ave Apt 2811
Henderson NV 89014-2392

## DELINQUENT ACCOUNT

| | |
|---|---|
| Account Number | 3516-000085 |
| | |
| Amount Owed | $685.00 |
| Interest | $75.46 |
| Total Due | $760.46 |

March 21, 2013

Dear TIMOTHY TOTH,

Regarding: BERMUDA TERRACE APARTMENTS

At this time, your account has not been paid in full nor have we received any payment resolution, so we are assuming that it is your intent to neglect this account. You are still able to contact us to make arrangements.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

As of the date of this letter, you owe the total due listed above. Because of interest that may vary from day to day the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information you may either write our office or call (800) 990-4765 ext 333.

Please visit our website at www.payaargon.com to make an online payment, send payment by mail, pay directly at our office or you may call (800) 990-4765 ext 333, 7 days a week, 24 hours a day to make payment by phone.

345CDARAC02_DL2

### PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

- - - - - - - - - - - - - - - - - - - - - - - - - DETACH BOTTOM PORTION AND RETURN WITH PAYMENT - - - - - - - - - - - - - - - - - - - - - -

**Phone Toll Free: (800) 990-4765 EXT 333**

345CDARAC02_DL2

If you wish to pay by credit card, fill in the information below and return.

Check One:  ☐ ☐ VISA ☐

**Cards**

Credit Card Number          CVV Code

| Account Number | Total Due | Amount Enclosed |
|---|---|---|
| 3516-000085 | $760.46 | |

| Client | BERMUDA TERRACE APARTMENTS |
|---|---|

Amount Paid  $          Exp. Date _____ / _____

Signature of Card Holder          Date
Daytime Phone: (    ) _____-_____
Evening Phone: (    ) _____-_____

## NOTICE

AAI
8668 SPRING MOUNTAIN RD
LAS VEGAS, NV 89117-4113

☐ Please check box if address is incorrect or information has changed, and indicate change(s) on reverse side