ARMAND FRIED, ESQ.
Nevada Bar No. 10590
8668 Spring Mountain Road, Suite 102
Las Vegas, NV 89117
Telephone (702) 835-1747
Facsimile (702) 220-7036
Armandfried@msn.com;
Attorney for Defendant Aargon Agency, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH, <br><br> Plaintiff, <br><br> vs. <br><br> AARGON AGENCY, INC., and Does 1-10, inclusive, <br><br> Defendants. | Case No.: 2:13-CV-193-APG-VCF <br><br> **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Comes now AARGON AGENCY, INC., by its' attorney, ARMAND FRIED, ESQ., and as and for its' Answer to the Plaintiff's First Amended Complaint, states and avers:

## INTRODUCTION

1. Answering paragraph 1 of Plaintiff's First Amended Complaint, Defendant DENIES the same to the extent that it alleges that automated calls were placed to Plaintiff's cellular phone either negligently, knowingly or willfully or otherwise in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2. Answering paragraph 2 of Plaintiff's First Amended Complaint, Defendant ADMITS the allegations contained therein.

3. Answering paragraph 3 of Plaintiff's First Amended Complaint, Defendant ADMITS the allegations contained therein.

4. Answering paragraph 4 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same on that basis.

5. Answering paragraph 5 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same on that basis.

**PARTIES**

6. Answering paragraph 6 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same on that basis.

7. Answering paragraph 7 of Plaintiff's First Amended Complaint, Defendant ADMITS the allegations contained therein.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

8. Answering paragraph 8 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same on that basis.

9. Answering paragraph 9 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same on that basis.

10. Answering paragraph 10 of Plaintiff's First Amended Complaint, Defendant states that the allegations thereof simply cite a statute the provisions of which are what they are and

otherwise take no position relative thereto, respectfully leaving the meaning and import of the statutory language to the interpretation of the Court.

11. Answering paragraph 11 of Plaintiff's First Amended Complaint, Defendant states that the allegations thereof simply cite a statute the provisions of which are what they are and otherwise take no position relative thereto, respectfully leaving the meaning and import of the statutory language to the interpretation of the Court.

12. Answering paragraph 12 of Plaintiff's First Amended Complaint, Defendant states that the allegations thereof simply cite rules and regulations promulgated by the FCC, the provisions of which are what they are and otherwise take no position relative thereto, respectfully leaving the meaning and import of the language of such rules and regulations to the interpretation of the Court.

13. Answering paragraph 13 of Plaintiff's First Amended Complaint, Defendant states that the allegations thereof simply cite a declaratory ruling the provisions of which are what they are and otherwise take no position relative thereto, respectfully leaving the meaning and import of the language in the said declaratory ruling to the interpretation of the Court.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendant ADMITS that it owns such a system but DENIES it was ever used improperly in connection with this Plaintiff.

15. Answering paragraph 15 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036

16. Answering paragraph 16 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

17. Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

18. Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendant DENIES the same, as Defendant was using a number provided by Plaintiff and thus had clear prior consent to use that number.

19. Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendant ADMITS that any calls it made to Plaintiff's telephone were not for emergency purposes.

20. Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same, but states that it has provided proof to Plaintiff's counsel that it did in fact have prior written consent from Plaintiff to use that number.

21. Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendant DENIES the same.

22. Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendant ADMITS the same, but states that, as known to Plaintiff and his attorneys, Defendant AArgon did not actually receive the Summons and Complaint until just one day before the answer was due; as a result, on May 21, 2013, Aargon did not have actual knowledge of the pendency of this action or that Plaintiff was represented by counsel.

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036

23. Answering paragraph 23 of Plaintiff's First Amended Complaint, Defendant ADMITS that it sent Plaintiff a letter but incorporates the allegations of Paragraph 22 supra.

24. Answering paragraph 24 of Plaintiff's First Amended Complaint, Defendant DENIES the same, as it has no knowledge of any representation of Plaintiff between April 2011 and September 2011, nor did it receive any instructions or notifications regarding such representation, and on that basis DENIES the allegations of Paragraph 24.

25. Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same, but points out that all such dates are prior to the date of the alleged service of the initial complaint.

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. Seq.

26. Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendant repeats and realleges the denials and admissions of paragraphs 1 through 25 above.

27. Answering paragraph 27 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

28. Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

29. Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

30. Answering paragraph 30 of Plaintiff's First Amended Complaint, Defendant DENIES the truth of the allegations therein.

//

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. Seq.

31. Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendant repeats and realleges the denials and admissions of paragraphs 1 through 30 above.

32. Answering paragraph 32 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

33. Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

34. Answering paragraph 34 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

35. Answering paragraph 35 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

## COUNT III
### Violations of the FDCPA - 15 U.S.C. § 1692, et. seq.

36. Answering paragraph 36 of Plaintiff's First Amended Complaint, Defendant repeats and realleges the denials and admissions of paragraphs 1 through 35 above.

37. Answering paragraph 37 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

38. Answering paragraph 38 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

39. Answering paragraph 39 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

40. Answering paragraph 40 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

41. Answering paragraph 41 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

42. Answering paragraph 42 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

43. Answering paragraph 43 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

44. Answering paragraph 44 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

45. Answering paragraph 45 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

46. Answering paragraph 46 of Plaintiff's First Amended Complaint, Defendant DENIES the allegations therein.

## COUNT IV
### INVASION OF PRIVACY BY INVASION UPON SECLUSION AND BY REVELATION OF PRIVTE FINANCIAL FACTS T THIRD PARTY

47. Answering paragraph 47 of Plaintiff's First Amended Complaint, Defendant repeats and realleges the denials and admissions of paragraphs 1 through 47 above.

48. Answering paragraph 48 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036

49. Answering paragraph 49 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

50. Answering paragraph 50 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

51. Answering paragraph 51 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

52. Answering paragraph 52 of Plaintiff's First Amended Complaint, Defendant is without sufficient knowledge and information upon which to base a belief as to the truth or falsity of the allegations therein and therefore DENIES the same.

53. Answering paragraph 53 of Plaintiff's First Amended Complaint, Defendant DENIES the same.

54. Answering paragraph 54 of Plaintiff's First Amended Complaint, Defendant DENIES the same.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff supplied the telephone number used by Defendant to the creditors that Defendant represented and as such he gave clear and unambiguous authorization to Defendant to use the said telephone number in its authorized commercial activities. Accordingly, the use of the cellular number did not violate the provisions of the TCPA.

//

//

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Even if Plaintiff's allegations are taken at face value, Defendant made a total of five (5) telephone calls to him between 11/24/12 and 2/4/13; as a matter of law, this can by no stretch of the imagination be considered as harassment or an invasion of privacy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Defendant did not disclose any information about Plaintiff to any third party.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that the Court enter judgment as follows:

1. That Plaintiff takes nothing under this Complaint; and

2. Theat Defendant is awarded the costs and fees, including the reasonable attorneys' fees incurred by virtue of this case; and

3. For such other, different and further relief as the Court may deem just and proper.

Dated: May 8, 2013

/s/ Armand Fried
ARMAND FRIED, ESQ.
Nevada Bar No. 10590
8668 Spring Mountain Road, Suite 102
Las Vegas, NV 89117
Telephone (702) 835-1747
Facsimile (702) 220-7036
Armandfried@msn.com;
Attorney for Defendant Aargon Agency, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve a copy of the foregoing to Plaintiff via the Court's CM/ECF system on May 8, 2013.

/s/ Armand Fried
Armand Fried, Esq.

ARMAND FRIED, ESQ.
8668 Spring Mountain Road, Suite 102
Las Vegas, Nevada 89117
Tel: (702) 853-1747 - Facsimile (702) 220-7036